IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DELBERT WILLIAMS,

      Plaintiff,                           No. CIV S-06-0574 GEB EFB P

   vs.

KAHALE, et al.,

      Defendants.               ORDER

_____/

      Plaintiff is a state prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. On November 9, 2006, the court found that the initial complaint failed to state a claim under Title II of the Americans with Disabilities Act, explained to plaintiff the deficiencies, and dismissed the complaint with leave to amend. On November 29, 2006, plaintiff filed a document styled, "complaint," which the court construes as an amended complaint.

      The court has reviewed plaintiff's first amended complaint pursuant to 28 U.S.C. § 1915A and finds it does not state a cognizable claim against any defendant. To proceed, plaintiff must file an amended complaint.

      Any amended complaint must show that the federal court has jurisdiction and that plaintiff's action is brought in the right place, that plaintiff is entitled to relief if plaintiff's

allegations are true, and must contain a request for particular relief.  Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right.  *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).  If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs.  Fed. R. Civ. P. 10(b).  Plaintiff may join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs.  Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity.  *See Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)."); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the compliant are true (even if doubtful in fact)."  *Bell Atlantic Corporation v. Twombly*, __ U.S. __, 127 S.Ct. 1995, 1965 (2007) (citations omitted).  Since plaintiff proceeds without counsel, the court must construe his pleading "liberally" to determine if it states a claim and, prior to dismissal, explain the deficiencies in his complaint and give him an opportunity to cure them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

////

1	Plaintiff must not include in his amended pleading any preambles, introductions,
2	argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate
3	possible defenses, summaries, and the like. *McHenry v. Renne*, 84 F.3d 1172, 1180 (9th Cir.
4	1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); *see*
5	*Crawford-El v. Britton*, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the
6	Federal Rules of Civil Procedure is fully warranted" in prisoner cases).
7	In the amended complaint, plaintiff alleges that he has been,

> subjected to Cruel and Unusual Punishment for an extended length of time by Dr. Dusha, cartoligist [sic] & Dr. Stevers, GP in regards to extenuating chest pains, due to Ostrusted [sic] Arteries and to mental anguish fearful of strokes or fatal heart attack.  I move the court to grant $25,000 for pain and suffering in addition to a court Order to compell [sic] CMF to give provide proper Medical Exam by U.C. Davis Hospital, and appropriate surgeries.  Plus, a medical Electronic Pain Suppressor [sic] back brace and or appropriate equipment.

12	To state a claim under 42 U.S.C. § 1983, plaintiff must allege that an identified defendant
13	deprived him of a right secured to him by the Constitution or laws of the United States while
14	acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).  To state a claim that
15	his medical care was constitutionally inadequate, plaintiff must allege acts or omissions
16	evidencing that identified defendants knew of and disregarded his serious medical needs. *Estelle*
17	*v. Gamble*, 429 U.S. 97, 106 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  Neither
18	defendants' negligence nor plaintiff's general disagreement with the treatment he received
19	suffices to state a claim. *Estelle*, 429 U.S. at 106; *Hutchinson v. United States*, 838 F.2d 390,
20	394 (9th Cir. 1988); *Jackson v. McIntosh*, 90 F.3d 330, 331 (9th Cir. 1996).
21	Applying these standards, plaintiff's allegations are insufficient to state a claim for relief.
22	The court (and defendant) should be able to read and understand plaintiff's amended
23	pleading within minutes. *McHenry*, 84 F.3d at 1177.  A long, rambling pleading, including
24	many defendants with unexplained, tenuous or implausible connection to the alleged
25	constitutional injury or joining a series of unrelated claims against many defendants very likely
26	will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing

plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the first amended complaint is superseded.

Plaintiff is admonished that by signing an amended complaint he certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11. Prison rules require plaintiff to obey all laws, including this one, and plaintiff may be punished by prison authorities for violation of the court's rules and orders. *See* 15 Cal. Admin. Code § 3005.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his action.

Accordingly, it is hereby ORDERED that the November 29, 2006, first amended complaint is dismissed with leave to amend within 30 days. Plaintiff shall file an original and one copy of the second amended complaint, which must bear the docket number assigned to this case and be titled "Second Amended Complaint." Failure to file an amended complaint will result in a recommendation this action be dismissed for failure to state a claim. If plaintiff files an amended complaint stating a cognizable claim the court will proceed with service of process by the United States Marshal.

Dated: July 9, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE